```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
METROPOLITAN LIFE INSURANCE
COMPANY,

                          Plaintiff,
                                                                    REPORT AND
              -against-                                             RECOMMENDATION
                                                                    18 CV 197 (KAM) (CLP)

LINDA JOHNSON and MALAICI
HARVEY,
                          Defendants.
----------------------------------------------------------- X
```
**POLLAK**, Chief United States Magistrate Judge:

On January 11, 2018, plaintiff Metropolitan Life Insurance Company ("MetLife") commenced this action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 101 et seq., against defendants Stephen McLeod, Linda Johnson, and Malaici Harvey[1] (collectively, "defendants"), pursuant to a dispute over the life insurance benefits of decedent Anthony McLeod. On October 21, 2019, MetLife filed a motion for interpleader relief under 28 U.S.C. § 1335. The motion is unopposed.

In its motion for interpleader relief, MetLife asks the Court to (1) discharge MetLife with prejudice from this action and discharge MetLife from any further liability; (2) compel defendants Linda Johnson and Malaici Harvey to litigate, adjust, or settle their respective entitlements to the life insurance benefits at issue with one another; (3) restrain and enjoin the defendants from pursuing any other action against MetLife for recovery of Plan benefits payable as a consequence of the decedent's death; (4) award MetLife its attorneys' fees and costs

---

[1] When MetLife commenced this action, Mr. Harvey was under the age of eighteen, and so the Complaint referred to him by his initials. Mr. Harvey turned eighteen on March 2, 2019 and so the Court refers to him by his full name.

1

incurred in seeking interpleader; and (5) award any other relief as the Court deems just and proper.

For the reasons set forth below, the Court respectfully recommends that MetLife's motion for interpleader relief be granted and that MetLife be discharged from any further liability and dismissed from this action. It is further recommended that MetLife's request for attorneys' fees be denied.

## FACTUAL AND PROCEDURAL HISTORY

This case stems from the unfortunate passing of Mr. Anthony McLeod on May 26, 2017. (Compl.[2] ¶ 12). Linda Johnson is Mr. McLeod's mother, and Malaici Harvey states that he is Mr. McLeod's son. (Id. ¶¶ 3, 4). At the time of his passing, Mr. McLeod had a life insurance policy valued at $25,000 through MetLife under an ERISA-regulated employee welfare benefit plan. (Id. ¶¶ 7, 13). Mr. McLeod did not designate a beneficiary under this policy before he passed away. (Id. ¶ 11). When a policy-holder does not designate a beneficiary, MetLife's policy is to pay benefits based on the line of succession as follows: (1) spouse, if alive; (2) children, if no surviving spouse; (3) parents, if no surviving children; or (4) estate, if no surviving parents. (Id. ¶ 10).

On July 7, 2017, the decedent's father, Stephen McLeod, filed a claim form with MetLife, seeking benefits under his son's policy. (Id. ¶ 14; McLeod Claim Form[3]). On July 12, 2017, Linda Johnson, the decedent's mother, also submitted a claim for benefits under the policy. (Id. ¶ 17; Johnson Claim Form[4]).

The affidavit submitted by Stephen McLeod in connection with the claim form he filed

---

[2] Citations to "Compl." refer to the Complaint, filed January 11, 2018, ECF No. 1.
[3] A copy of Stephen McLeod's claim form is attached to the Complaint as Exhibit C.
[4] A copy of Linda Johnson's claim form is attached to the Complaint as Exhibit E.

2

with MetLife indicated that the decedent had one minor child.  (Id.)  Ms. Johnson's claim form did not acknowledge that the decedent had any children.  (Id. ¶ 17; see also Johnson Claim Form at 2).  Based on its line of succession policy, MetLife denied Stephen McLeod's claim.  (Id. ¶ 16; McLeod Denial Ltr.[5]).

Since the child, Mr. Harvey, was a minor at the time, MetLife wrote a letter to Mr. Harvey's guardian to ask for a copy of his birth certificate.  (Id. ¶¶ 16, 18).  Thereafter, MetLife received a copy of Mr. Harvey's birth certificate, which did not have a father listed.  (Id. ¶ 20).  However, on August 29, 2017, an Order of Filiation was entered in a New York State Family Court proceeding declaring the decedent to be Mr. Harvey's father.  (Id. ¶ 21).

On September 15, 2017, MetLife sent a letter to the defendants advising them of the competing claims over the life insurance proceeds and encouraged the defendants to come to an amicable agreement among themselves.  (Id. ¶ 18).  When the parties were unable to come to an agreement, MetLife filed this action on January 11, 2018.  On April 11, 2018, the District Court terminated Stephen McLeod from the matter after he renounced his claim to the proceeds.  (See 5/3/18 Ltr. at 1[6]; 4/11/2018 Order[7]).  By letter dated October 24, 2018, Ms. Johnson informed MetLife that the defendants were unable to reach an agreement and she also informed MetLife that she had paid $13,676.00 in funeral expenses for the decedent.  (Id. ¶¶ 20; see also Johnson Ltr.[8]).

---

[5] Citations to "McLeod Denial Ltr." refer to the MetLife letter denying Stephen McLeod's claim, attached to the Complaint as Exhibit D.

[6] Citations to "5/3/18 Ltr." refer to MetLife's May 3, 2018 letter updating the Court on the status of the case.

[7] Citations to "4/11/2018 Order" refer to the April 10, 2018 Order of the Honorable Kiyo A. Matsumoto terminating Stephen McLeod from the matter, ECF No. 7.

[8] Citation to "Johnson Ltr." refer to Ms. Johnson's October 24, 2017 letter to MetLife, attached to the Complaint as Exhibit K.

On May 3, 2018, MetLife moved to deposit the proceeds of the life insurance policy with the registry of the Court, which the Court granted. In a letter to the Court also dated May 3, 2018, MetLife explained that it had encountered difficulties effecting service upon Mr. Harvey, and asked permission to stay the case for ten months to await Mr. Harvey's eighteenth birthday. (5/3/18 Ltr. at 2). The Court granted the request.

By July 2019, MetLife had successfully served both Ms. Johnson and Malaici Harvey. At that point, the District Court set a briefing schedule for a motion for interpleader relief, which MetLife filed on October 21, 2019. On January 9, 2020, the Court held an Initial Conference in this case, at which time Ms. Linda Johnson appeared for herself, *pro se*. Ms. Johnson's daughter, Sybil Duncan, was also in attendance. During the Initial Conference, Ms. Johnson confirmed that she did not oppose MetLife's motion. Mr. Harvey failed to appear. The Court Ordered Mr. Harvey to write a letter to the Court confirming that he remained interested in claiming the proceeds of Anthony McLeod's life insurance policy. On January 24, 2020, Mr. Harvey did submit such a letter to the Court, affirming his continued interest in this matter.[9] Mr. Harvey's letter expressed no objection to MetLife's motion. On January 9, 2020, the District Court referred MetLife's motion for interpleader relief to the undersigned.

## DISCUSSION

A. Legal Standard for Interpleader Relief

Interpleader under 28 U.S.C. § 1335 is a remedial device "designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring, 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006) (internal

---

[9] ECF No. 26.

4

citations and quotations omitted). Pursuant to 28 U.S.C. § 1335, district courts may adjudicate disputes between two or more adverse claimants to money or property valued at $500 or more after the stakeholder has deposited the money or property into the registry of the court. 28 U.S.C. § 1335(a).

An interpleader action is normally conducted in two stages: "First, the Court must determine whether the pre-requisites for an interpleader action . . . are satisfied. [Second,] [i]f those conditions are met, the Court will adjudicate the adverse claims of the defendant claimants." Hartford Life Ins. Co. v. Einhorn ex rel. Estate of Mehring, 452 F. Supp. 2d 126, 130 (E.D.N.Y. 2006) (citing New York Life Ins. Co. v. Connecticut Dev. Auth. 700 F.2d 91, 95 (2d Cir.1983); American Int'l Life Assurance Co. of N.Y. v. Vasquez, No. 02 CV 141, 2002 WL 31059296, at *2 (S.D.N.Y. Sept. 16, 2002))).

To determine whether an interpleader action is appropriate, a court must assess whether the stakeholder "has a legitimate fear of having to pay the same claim twice" to competing claimants. Washington Electric Coop. Inc. v. Patterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993). A court does not need to assess the merits of the competing claims to determine whether interpleader is appropriate because "the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." John Hancock Mutual Life Ins. Co. v. Kraft, 200 F.2d 952, 953 (2d Cir. 1953).

Rule 22 of the Federal Rules of Civil Procedure also grants the Court the authority to grant interpleader relief. Rule 22, in pertinent part, reads:

> Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though: (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or (B) the plaintiff denies

5

>liability in whole or in part to any or all of the claimants.

Fed. R. Civ. P. Rule 22.  "The Rule is designed to insulate a stakeholder from contradictory judgments and multiple liability and to relieve a stakeholder from having to determine which claim among several is meritorious."  John v. Sotheby Inc., 141 F.R.D. 29, 33 (S.D.N.Y. 1992).

B. Analysis

MetLife argues that it "has been placed in a predicament of being subjected to double liability due to its inability to determine the lawful beneficiary entitled to the Plan Benefits resulting from Decedent's death." (Pl.'s Mem.[10] at 8).  "MetLife has received competing claims to the Plan Benefits from the defendants." (Id.)  Ms. Johnson claims entitlement to her son's insurance benefits as a parent of the decedent, and Mr. Harvey claims that, as the decedent's son, he should receive the benefits. (Id.)  However, because Ms. Johnson did not acknowledge Mr. Harvey as the decedent's son on her claim form, MetLife asserts that it cannot determine whether this Court would recognize Mr. Harvey as the decedent's son, and therefore, "cannot determine the lawful beneficiary without subjecting itself to additional liability," *i.e.*, liability from Ms. Johnson if it awards the funds to Mr. Harvey, and vice-versa. (Id.)  "As MetLife claims no interest in the Plan Benefits except to the extent that payment of the proceeds [is required] to discharge its obligations, MetLife respectfully submits that its motion for interpleader relief should be granted and that MetLife, the Fund and the Plan be absolved of any further liability." (Id.)

MetLife has established that it "has a legitimate fear of having to pay the same claim twice" to competing claimants.  See Washington Electric Coop. Inc. v. Patterson, Walke &Pratt,

---

[10] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of its Motion for Interpleader Relief, ECF No. 21-2, filed October 21, 2019.

P.C., 985 F.2d at 679. While the Court, at this time, refrains from wading into the merits of the underlying claims of Ms. Johnson and Mr. Harvey, see John Hancock Mutual Life Ins. Co. v. Kraft, 200 F.2d at 953, the Court acknowledges that, having deposited the funds at issue in an account with the Court and having received no objection from the defendants, MetLife qualifies for interpleader relief. As such, the Court respectfully recommends that MetLife be discharged from the action with prejudice, and discharged from any further liability in connection with this insurance policy. It is further recommended that an Order enter precluding the defendants from pursuing any other action against MetLife for recovery of Plan benefits payable as a consequence of the decedent's death.

C. Attorneys' Fees

MetLife also seeks $8,263.30 in attorneys' fees to be paid out of the life insurance policy. (Knepper Decl.[11] ¶ 37). Usually, "[a] disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees." Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Ultimately, attorneys' fees are to be "paid by the party whose claim has been adjudged groundless, and whose assertion of the claim necessitated the interpleader and thereby prevented the successful claimant from obtaining the fund undiminished by interpleader costs." Citigroup Glob. Markets, Inc. v. KLCC Investments, LLC, 706 F. App'x 38, 40 (2d Cir. 2017) (quoting Globe Indem. Co. v. Puget Sound Co., 154 F.2d 249, 250 (2d Cir. 1946)).

However, the decision to award fees and costs is within the court's discretion, and courts need not award fees in interpleader where the expenses are incurred in the ordinary course of

---

[11] Citations to the "Knepper Decl." refer to the Declaration of Counsel in Support of Motion for Interpleader Relief, filed October 21, 2019, ECF No. 21.

7

business. Metropolitan Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013). "This is particularly true in the case of insurance companies, where minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business." Travelers Ins. Co. v. Estate of Garcia, No. 00 CV 2130, 2003 WL 1193535, at *4 (E.D.N.Y. Feb. 4, 2003) (citing Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir.1965) (holding that "[w]e are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader")).

MetLife argues that it "well settled" that attorneys' fees and costs are generally awarded in interpleader actions, so long as the plaintiff is disinterested, has conceded liability, has deposited the funds in dispute with the court, and has sought a discharge from liability. (Pl.'s Mem. at 9 (citing Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d at 683)). Plaintiff cites several cases where plaintiffs in interpleader actions have been awarded attorneys' fees. (Id. at 9-10 (citing cases)). However, plaintiff cites no cases in which a life insurance award was the subject of the dispute,[12] nor does plaintiff offer any facts about this case to distinguish it from the modern trend in this Circuit of declining to award attorneys' fees in life insurance cases.

---

[12] The most analogous case plaintiff cites is Locals 40, 361 & 417 Pension Fund v. McInerney, No. 06 CV 5224, 2007 WL 80868 (S.D.N.Y. Jan. 9, 2007), in which the court awarded attorneys' fees in a dispute over the beneficiary of accrued pension benefits. (Id. at *5). However, the fees in McInerney were awarded in the context of a motion for summary judgment, in which was clear that one party had no genuine claim to the funds at issue. (Id.) This is distinct from the case before this Court, in which it is not entirely clear who has the legitimate claim to the funds. The remaining interpleader cases plaintiff cites all center on commercial disputes and are inapposite in light of the circumstances in this case.

8

Indeed, in similar disputes over life insurance proceeds, courts throughout this Circuit have denied requests for attorneys' fees. See, e.g., Wilton Reassurance Life Co. of New York v. Garbrecht, No. 13 CV 5536, 2015 WL 1011714, at *3 (S.D.N.Y. Mar. 9, 2015) (noting that "[c]ourts have denied expenses where the action was not complex, the stakeholder did not provide any unique services, and there were no unique problems that exceeded the ordinary cost of doing business as an insurance company") (internal quotations omitted); Metropolitan Life Ins. Co. v. Mitchell, 966 F. Supp. 2d at 105; New York Life Ins. Co. v. Apostolidis, 841 F. Supp. 2d 711, 721 (E.D.N.Y. 2012) (noting that the insurer "did not incur any unique expenses in filing the present interpleader action that would exceed the ordinary cost of doing business as an insurance company); Unum Life Ins. Co. of Am. v. Scott, No. 10 CV 538, 2012 WL 233999, at *3 (D. Conn. Jan. 24, 2012).

Given that plaintiff makes no argument that its efforts here were so complex or unusual as to go beyond the scope of ordinary business practice in handling insurance policies, the Court, in its discretion, respectfully recommends that MetLife's motion for attorneys' fees be denied.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that MetLife's motion for interpleader relief be granted; that MetLife be discharged from the action with prejudice and discharged from any further liability in connection with the proceeds of this insurance policy, and that defendants be precluded from pursuing any other action against MetLife for recovery of Plan benefits payable as a consequence of the decedent's death. The Court further respectfully recommends that MetLife's motion for attorneys' fees be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

9

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

Finally, the Court will hold a settlement conference on **June 12, 2020 at 10:45 a.m.** via AT&T telephone conference during which it will attempt to settle the matter between Ms. Johnson and Mr. Harvey.  To join the conference, the Court asks Ms. Johnson and Mr. Harvey to dial the following phone number and enter the security code and access code when prompted.

| | |
|---|---|
| DATE: | **June 12, 2020** |
| TIME: | **10:45 a.m.** |
| PHONE NUMBER: | 877-336-1839 |
| ACCESS CODE: | 380-1746 |
| SECURITY CODE: | 18-0197 |

Again, please dial 877-336-1839 on June 12, 2020 at 10:45 a.m. to join the conference.

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 6, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York